UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH FRYER,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GS LABS LLC<br><br>*Defendant.* | Civil Action No. 2:21-cv-2347<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Joseph Fryer brings this action individually and on behalf of all current and former hourly Nurses (hereinafter "Plaintiff and the Putative Class Members") who worked for GS Labs LLC ("GS Labs") and were paid a straight hourly wage but no overtime from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those current and former hourly Nurses who worked for GS Labs, anywhere in the United States, at any time from August 9, 2018 through the final disposition of this matter, and were paid a straight hourly wage for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. GS Labs misclassified Plaintiff and the Putative Class Members as independent contractors.

4. Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by GS Labs not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. GS Labs knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated hourly Nurses (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Joseph Fryer worked for GS Labs within the relevant time period. Plaintiff Fryer did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative Class Members include those current and former hourly Nurses who worked for GS Labs, anywhere in the United States, at any time since August 9, 2018, and have been subjected to the same illegal pay system under which Plaintiff Fryer worked and was paid.

---

[1] The written consent of Joseph Fryer is hereby attached as Exhibit A.

12. GS Labs LLC ("GS Labs") is a foreign limited liability company doing business in the State of Kansas and may be served through its registered agent for service, **Capitol Corporate Services, Inc., 700 SW Jackson St, STE 100, Topeka, Kansas 66603.**

## III.
## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

14. This Court has general personal jurisdiction over GS Labs because GS Labs' significant contacts with, and business operations in, Kansas are systematic and continuous such that it is essentially at home in Kansas.

15. This Court has specific personal jurisdiction over GS Labs because the cause of action arose within this District as a direct result of GS Labs' conduct within this District.

16. Venue is proper in the District of Kansas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, GS Labs has maintained a working presence throughout Kansas (and the United States), and Plaintiff Fryer worked in and around Shawnee, Kansas throughout his employment with GS Labs, all of which are located in this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19. GS Labs provides rapid Coronavirus Disease 2019 ("Covid-19") testing services throughout the United States.[2]

20. As part of its Covid-19 testing services, GS Labs employed (and continues to employ) numerous hourly Nurses to provide Covid-19 testing services in Kansas and throughout the United States.

21. GS Labs paid its Nurses a straight hourly wage for all hours worked but no overtime—including Plaintiff Fryer and the individuals that make up the putative or potential class.

22. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the medical field.

23. Plaintiff Fryer worked exclusively for GS Labs as an hourly Nurse in Kansas from approximately November 2020 through January 2021.

24. Based on the schedules set by GS Labs, Plaintiff and the Putative Class Members worked over forty (40) hours nearly every (if not every) workweek they performed services for GS Labs.

25. Although it is well-known that hourly Nurses like Plaintiff and the Putative Class Members are not exempt from overtime, GS Labs did not pay Plaintiff and the

---

[2] https://gslabstesting.com/

Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

26. Plaintiff and the Putative Class Members' primary job duties included conducting Covid-19 antigen, antibody, and PCR tests on patients, documenting patient information, and providing care to patients.

27. Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by GS Labs.

28. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by GS Labs.

29. Virtually every job function was pre-determined by GS Labs, including the tools to use at a job site, Plaintiff and the Putative Class Members' schedule of work, and related work duties.

30. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

31. Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature.

32. Plaintiff and the Putative Class Members rely on their hands, physical skills, and energy to perform manual and routine labor at Covid-19 testing facilities throughout the United States.

33. GS Labs determined the hours Plaintiff and the Putative Class Members worked.

34. GS Labs set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked on a weekly basis.

35. GS Labs set all employment-related policies applicable to Plaintiff and the Putative Class Members.

36. GS Labs maintained control over pricing and marketing.

37. GS Labs also chose equipment and product suppliers.

38. GS Labs owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

39. GS Labs had the power to hire and fire Plaintiff and the Putative Class Members.

40. GS Labs made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a straight hourly wage for all hours worked with no overtime pay.

41. GS Labs provided tools and equipment that Plaintiff and the Putative Class Members used.

42. Indeed, Plaintiff and the Putative Class Members were not required to provide any equipment or supplies for their work with GS Labs at all.

43. Plaintiff and the Putative Class Members did not employ their own workers.

44. Plaintiff and the Putative Class Members worked continuously for GS Labs on a permanent full-time basis.

45. GS Labs, instead of Plaintiff and the Putative Class Members, made the large capital investments in leases, buildings, equipment, tools, and supplies.

46. Plaintiff and the Putative Class Members relied exclusively on GS Labs for their work.

47. Plaintiff and the Putative Class Members did not market any business or services of their own.

48. Instead, Plaintiff and the Putative Class Members worked the hours assigned by GS Labs, performed duties assigned by GS Labs, worked on projects assigned by GS Labs, and worked for the benefit of GS Labs and its customers.

49. GS Labs paid Plaintiff and the Putative Class Members on a bi-weekly basis.

50. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own.

51. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by GS Labs and its customers.

52. GS Labs improperly classified Plaintiff and the Putative Class Members as independent contractors.

53. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves.

54. Instead, they were economically dependent upon GS Labs for their work.

55. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

56. GS Labs denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

57. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

58. GS Labs applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were GS Labs' ***non-exempt*** employees, and not independent contractors.

59. Accordingly, GS Labs' pay policies and practices blatantly violated (and continue to violate) the FLSA.

# V.
# CAUSE OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

60.    All previous paragraphs are incorporated as though fully set forth herein.

61.    The FLSA Collective is defined as:

**ALL HOURLY NURSES WHO WORKED FOR GS LABS LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 9, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

62.    At all times hereinafter mentioned, GS Labs has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

63.    At all times hereinafter mentioned, GS Labs has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

64.    At all times hereinafter mentioned, GS Labs has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and

have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

65. During the respective periods of Plaintiff and the FLSA Collective Members' employment by GS Labs, these individuals provided services for GS Labs that involved interstate commerce for purposes of the FLSA.

66. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

67. Specifically, Plaintiff and the FLSA Collective Members are (or were) ***non-exempt*** employees who worked for GS Labs who assisted customers throughout the United States. 29 U.S.C. § 203(j).

68. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

69. In violating the FLSA, GS Labs acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

70. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 61.

71.  The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of GS Labs.

## B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

72.  All previous paragraphs are incorporated as though fully set forth herein.

73.  GS Labs violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

74.  Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of GS Labs' acts or omissions as described herein; though GS Labs is in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

75.  Moreover, GS Labs knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

76.  GS Labs knew or should have known its pay practices were in violation of the FLSA.

77. GS Labs is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

78. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted GS Labs to pay overtime in accordance with the law.

79. The decision and practice by GS Labs to not pay overtime was neither reasonable nor in good faith.

80. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

83. Other similarly situated employees have been victimized by GS Labs' patterns, practices, and policies, which are in willful violation of the FLSA.

84. The FLSA Collective Members are defined in Paragraph 61.

85. GS Labs' failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of

the individual FLSA Collective Members.

86. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

87. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

88. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

89. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

90. Indeed, the FLSA Collective Members are hourly Nurses entitled to overtime after forty (40) hours in a week.

91. GS Labs has employed a substantial number of similarly situated hourly Nurses across the United States since August 9, 2018.

92. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

93. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

94. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and GS Labs will retain the proceeds of its rampant violations.

95. Moreover, individual litigation would be unduly burdensome to the judicial system.

96. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

97. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 61 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

98. Plaintiff respectfully prays for judgment against GS Labs as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 61 and requiring GS Labs to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.  For an Order pursuant to Section 16(b) of the FLSA finding GS Labs liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.  For an Order awarding the costs and expenses of this action;

    e.  For an Order awarding attorneys' fees;

    f.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.  For an Order awarding Plaintiff Fryer a service award as permitted by law;

    h.  For an Order compelling the accounting of the books and records of GS Labs, at GS Labs' own expense; and

    i.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:  August 9, 2021                Respectfully submitted,

                                  By:   */s/ Richard M. Paul*
                                       Richard M. Paul III (KS #17778)
                                       Laura C. Fellows (KS #26201)
                                       **PAUL LLP**
                                       601 Walnut Street, Suite 300
                                       Kansas City, Missouri 64106
                                       Telephone: (816) 984-8100
                                       Rick@paullp.com
                                       Laura@paullp.com

                                       Clif Alexander (*Pro Hac Vice Application Forthcoming*)
                                       Texas Bar No. 24064805
                                       Austin W. Anderson (*Pro Hac Vice Application Forthcoming*)
                                       Texas Bar No. 24045189
                                       **ANDERSON ALEXANDER, PLLC**
                                       819 N. Upper Broadway
                                       Corpus Christi, Texas 78401
                                       Telephone: (361) 452-1279
                                       Facsimile: (361) 452-1284
                                       clif@a2xlaw.com
                                       austin@a2xlaw.com

                                       *Attorneys in Charge for Plaintiff and Putative Class Members*